# In the
# United States Court of Appeals
# For the Seventh Circuit

No. 17-2574

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID N. BARNES,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 4:09-cr-40069-NJR-1 — **Nancy J. Rosenstengel**, *Judge.*

ARGUED JANUARY 17, 2018 — DECIDED MARCH 1, 2018

Before FLAUM, EASTERBROOK, and BARRETT, *Circuit Judges.*

BARRETT, *Circuit Judge.* David Barnes appeals his sentence. He argues that the district court incorrectly calculated his Guidelines range by counting a local ordinance violation for "Smoking Marihuana at a Public Park" in his criminal history score. Because Barnes has waived this argument, we affirm the district court.

I.

In 2010, Barnes pleaded guilty to several offenses related to the distribution of crack cocaine. The district court sentenced him to 300 months of imprisonment, five years of supervised release, a fine of $600, and a special assessment of $300. Barnes did not appeal.[1] In 2012, Barnes moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the ground that two Illinois convictions used to classify Barnes as a career offender—one for robbery and the other for aggravated discharge of a firearm—were no longer valid predicates. After he received his federal sentence, Barnes persuaded an Illinois state court to convert these convictions from adult felony convictions to adjudications of delinquency. (Barnes was fifteen when he committed these crimes but was tried as an adult.) Now that they were juvenile offenses, Barnes claimed, they no longer justified the enhancement he had received under the Sentencing Guidelines for being a career offender.

The district court granted his § 2255 motion and ordered that a revised presentence investigation report (PSR) be prepared for resentencing. The revised PSR did not use the adjudications of delinquency to classify Barnes as a career offender. It did, however, count them in his criminal history score. The PSR assigned Barnes ten criminal history points: two for the adjudication of delinquency for robbery, two for the adjudication of delinquency for aggravated discharge of

---

[1] While Barnes did not appeal, he did make a successful post-judgment motion in 2015 to reduce his sentence in accord with a retroactively applicable amendment to the Guidelines. His revised sentence was 269 months.

a firearm, one point apiece for three convictions of marijuana possession, one point for smoking marijuana at a public park, and two points for committing the instant offense while on the parole imposed as part of his sentence for the convictions now classified as adjudications of delinquency.

Defense counsel and the government went back and forth about Barnes's criminal history score. Barnes's counsel maintained that the PSR should give no weight to either the juvenile adjudications or the parole violation based upon them. Instead, he insisted, the court should assign him only four points in determining his criminal history category, one for each of the marijuana-related offenses. The government initially opposed any modification to the PSR on the ground that the Guidelines expressly count juvenile offenses as relevant criminal history. But after Barnes's counsel shifted his argument to highlight a procedural irregularity in the state-court judgment, the government agreed that the district court should not assess any criminal history points for the juvenile offenses or the associated parole violation.[2] The PSR was revised, and the district court sentenced Barnes to 189 months of imprisonment, five years of supervised release, a $600 fine, and a $300 special assessment.

_____

[2] The state court did not impose any juvenile sentence after it voided Barnes's adult convictions and adjudicated him delinquent on those charges. At that point, Barnes had already served the sentence for the adult conviction and been discharged from parole, so the case was in an awkward procedural posture. With no sentence imposed for the valid adjudications of delinquency, as opposed to the now-void adult convictions, the government thought it would be prudent for the court to forgo assessing any criminal history points for those offenses or the associated parole violation.

Barnes appeals this sentence. He claims that the district court incorrectly counted a local ordinance violation—one for "Smoking Marihuana at a Public Park"—as part of his criminal history. Local ordinance violations do not count toward criminal history unless the underlying conduct would also violate state law. *See* U.S.S.G. § 4A1.2(c)(2). Barnes says that there is no Illinois crime of "Smoking Marihuana at a Public Park" and that assigning him a criminal history point for that offense was therefore error.

## II.

The parties agree that Barnes failed to raise this objection below. But they disagree about whether Barnes has waived or forfeited the argument. "Waiver occurs when a defendant intentionally relinquishes a known right." *United States v. Haddad*, 462 F.3d 783, 793 (7th Cir. 2006). Forfeiture, by contrast, "occurs when a defendant accidentally or negligently fails to assert his or her rights in a timely fashion." *Id.* The difference between the two is significant, because "[w]aiver of a right extinguishes any error and precludes appellate review, whereas forfeiture of a right is reviewed for plain error." *United States v. Brodie*, 507 F.3d 527, 530 (7th Cir. 2007). Barnes claims that his failure to object to the inclusion of the "Smoking Marihuana at a Public Park" offense in his criminal history score was an oversight that we can remedy if the district court clearly erred. The government asserts that Barnes knowingly conceded this point below and is now barred from pressing it on appeal.

Because the waiver principle is construed liberally in favor of the defendant, we are cautious about interpreting a defendant's behavior as intentional relinquishment. Thus we have held that a defendant does not necessarily waive a sen-

tencing argument by accepting the PSR without objection, *see United States v. Jaimes-Jaimes*, 406 F.3d 845, 848 (7th Cir. 2005), or even by contesting some aspects of the PSR and not others, *see United States v. Jenkins*, 772 F.3d 1092, 1095–96 (7th Cir. 2014). At the same time, a more targeted strategy raises a different inference. In *United States v. Walton*, 255 F.3d 437, 442 (7th Cir. 2001), we concluded that the defendant waived any objection to a particular sentencing enhancement when his counsel "affirmatively indicated" that the argument he made "was the *sole* objection that he was raising regarding the application of the enhancement." We said that by making that representation, he "affirmatively abandoned all other arguments against the application of the enhancement in his case." *Id.* at 443.

Barnes had a targeted strategy. He focused exclusively on his criminal history category and raised a single objection to it: he argued that his adjudications of delinquency and associated parole violation should be excluded. And in the course of making this argument, he did not simply fail to object to the inclusion of the remaining marijuana offenses. On at least four occasions, Barnes's counsel told the district court that it should give Barnes one point for each of the marijuana offenses, including the "Smoking Marihuana at a Public Park" violation, for a total of four points. In two different motions objecting to his revised PSR, he asked the court to find that Barnes had "4 [criminal history] points for a Criminal History Category III." At an initial hearing, defense counsel insisted that the correct calculation—one counting the marijuana offenses but not the juvenile adjudications and associated parole violation—would give Barnes "a total of four points, four criminal history points." At Barnes's resentencing, the court asked defense counsel if he had any objec-

tions to "a total offense level of 33, with a criminal history category of III consisting of four criminal history points." Defense counsel said no. After the court invited the defense to give a sentencing recommendation and supporting argument, counsel stressed, in arguing for leniency, that "with the revised criminal history, [Barnes] has four criminal history points. Each one was for a marijuana ticket. That's all the criminal history you have." Having specifically and repeatedly told the district court that it was appropriate to assign him a criminal history point for each of the marijuana offenses, Barnes cannot now complain that the court erred by agreeing with him.

We typically treat the failure to object as forfeiture when "finding waiver from an ambiguous record would compel the conclusion that counsel necessarily would have been deficient to advise the defendant not to object." *Jaimes-Jaimes*, 406 F.3d at 848. That is not the situation here. Barnes unambiguously sought this criminal history score, and defense counsel's failure to challenge the inclusion of the "Smoking Marihuana at a Public Park" violation was hardly deficient. On the contrary, it was good lawyering. While Illinois may not have a crime called "Smoking Marihuana at a Public Park," the name of the crime does not drive the analysis. If the conduct prohibited by local ordinance would also violate state law, the offense is "treated as if the defendant had been convicted under state law" for purposes of computing criminal history. U.S.S.G. § 4A1.2(c)(2), cmt. n.12; *see also United States v. Milquette*, 214 F.3d 859, 863 (7th Cir. 2000) (pointing out that the guideline "actually requires courts to include ordinance violations that are also criminal offenses under state law"). Barnes was convicted of this ordinance violation "after he was seen smoking marihuana at a park and refused

to pick it up when asked to by the police officer." PSR ¶ 90. Possession of marijuana was a crime under Illinois law at the time of Barnes's ordinance violation. *See* 720 ILCS 550/4 (2009). As we have observed in the past, "Inferring possession of a drug from the consumption of that drug is just as sensible as inferring, from the statement 'I ate a hamburger for lunch,' that the person possessed the hamburger before wolfing it down." *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001). We are reluctant to find waiver when an objection is strong, because it is difficult to believe that a defendant would knowingly leave a compelling argument on the table. *See Jenkins*, 772 F.3d at 1096. It is evident why defense counsel refrained from making this one.

The district court's judgment is AFFIRMED.