In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-3177

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JASON M. WADE,

*Defendant-Appellant.*

Appeal from the United States District Court for
the Southern District of Illinois.
No. 17-CR-40028-JPG-1 — **J. Phil Gilbert**, *Judge.*

ARGUED APRIL 24, 2018 — DECIDED MAY 18, 2018

Before BAUER, EASTERBROOK, and KANNE, *Circuit Judges.*

PER CURIAM. Jason Wade pled guilty for a second time to possessing child pornography. The district judge imposed a sentence of 132 months' imprisonment, though the mandatory minimum and guidelines recommendation was 120 months. Wade argues that the judge procedurally erred by not addressing Wade's mitigation arguments or explaining the upward variance. In the alternative, he argues that his sen-

tence was substantively unreasonable. Because the judge responded to Wade's mitigation arguments, adequately justified Wade's sentence, and did not abuse his discretion, we affirm.

## I. BACKGROUND

FBI agents seized Wade's computer when executing a search warrant, and they discovered over 2000 images of child pornography. Wade pled guilty to one count of possessing child pornography, 18 U.S.C. §§ 2252A(a)(5)(B), 2. Under U.S.S.G. § 2G2.2(b), his base offense was increased 13 levels due to the number and the especially odious content of the images. But Wade's offense level was immaterial because this was his second conviction for the same offense. Wade's total offense level of 28 and criminal history category of II would generally have prescribed a recommended sentence of 87 to 108 months' imprisonment, but because Wade committed a repeat offense, his guidelines recommendation became the statutory minimum term of imprisonment: 120 months.

Judge Gilbert presided over Wade's 2008 sentencing for his first conviction for possessing child pornography and varied downward in the sentence he imposed. The guidelines recommendation for that offense was 120 months' imprisonment, but the judge imposed a sentence of just 36 months' imprisonment and 5 years' supervised release. After Wade completed 3 years of supervised release, Judge Gilbert granted Wade an early termination because he thought Wade "had learned to abide by the law."

Judge Gilbert also presided over Wade's second sentencing, the one on appeal here. At the sentencing hearing, the

government recommended a sentence of at least 10 years' imprisonment (the mandatory minimum), but suggested that the judge vary upward from that because the images were very disturbing, because this was Wade's second conviction, and because the judge had previously given Wade "a huge break." Wade argued that the mandatory minimum term was appropriate because: (1) his addiction to pornography and his stress caused his recidivism, (2) the guidelines accounted for the reasons the government gave for varying upwards, and (3) he had support from family members, who were now better informed about his addiction.

After hearing these arguments, Judge Gilbert imposed a sentence of 132 months' imprisonment followed by 10 years' supervised release. Before issuing the sentence, the judge observed that this was Wade's second conviction for the same offense. He remarked, "fool me once, shame on you; fool me twice, shame on me," and noted that he had given Wade "two breaks"—varying downward in his first sentence and then terminating his supervised release two years early. The judge then acknowledged that child pornography is an addiction. But, he continued, some people "handle the addiction" so they do not reoffend. Because Wade had not adequately managed his, the judge was concerned Wade would offend again. Finally, the judge observed that "not a single 3553(a) factor" favored Wade, noting that it was sad Wade had not previously relied on his family's support. On the Statement of Reasons form, under the section, "18 U.S.C. § 3553(a) and other reason(s) for a variance," Judge Gilbert checked the box, "Issues with criminal history," and wrote "Leniency provided for previous federal conviction."

## II. ANALYSIS

On appeal Wade first argues that the district judge proce-durally erred when he failed to address Wade's principal mit-igation arguments. *See United States v. Fogle*, 825 F.3d 354, 357 (7th Cir. 2016). At sentencing, a judge must address the par-ties' principal arguments, and "where a defendant's principal argument is 'not so weak as not to merit discussion,' the court must 'explain its reason for rejecting that argument.'" *United States v. Reed*, 859 F.3d 468, 472 (7th Cir. 2017) (quoting *United States v. Schroeder*, 536 F.3d 746, 755 (7th Cir. 2008)).

Wade argues that the district judge did not address his strongest mitigating argument—that the guidelines range al-ready took into account Wade's recidivism and previous sen-tence. In Wade's view, the mandatory minimum acted as a "de facto upward variance," pushing his guidelines range of 87 to 108 months to 120 months.

We do not "draw a bright line to tell district judges when they have said enough, but 'we try to take careful note of con-text and the practical realities of a sentencing hearing. District judges need not belabor the obvious.'" *Reed*, 859 F.3d at 472 (quoting *United States v. Castaldi*, 743 F.3d 589, 595 (7th Cir. 2014)). And in this context, it is obvious why the judge did not restate a particular mitigation argument. To the judge, Wade's recidivism was an *aggravating* factor under 18 U.S.C. § 3553(a), not a mitigating one, and "not a single § 3553(a) fac-tor" favored Wade. The judge also addressed Wade's two other mitigating arguments—that he was suffering from an addiction and that he had family support. There was no pro-cedural error here because the mitigation arguments were an-swered in the judge's § 3553(a) analysis. *See Reed*, 859 F.3d

at 472–74; *United States v. Snyder*, 865 F.3d 490, 500–01 (7th Cir. 2017).

Wade next argues that the district judge procedurally erred when he failed to provide his reasons for varying upward. *See Fogle*, 825 F.3d at 357. Once a judge chooses a sentence, "§ 3553(c) requires the district judge to 'state in open court the reasons' for imposing it." *United States v. Warner*, 792 F.3d 847, 855 (7th Cir. 2015). "The court is free to select a sentence outside the guidelines range, but it must explain and support the magnitude of the variance." *Id.* (citing *Kimbrough v. United States*, 552 U.S. 85, 91 (2007)).

Here, though, the judge provided a reason for the variance, and a completely acceptable one at that: Wade had misused the opportunity Judge Gilbert had previously given him. The judge did not need to give an "exhaustive" explanation for the sentence he imposed, just one that "allow[ed] for meaningful appellate review and ... promot[ed] the perception of fair sentencing." *Warner*, 792 F.3d at 855 (quoting *United States v. Omole*, 523 F.3d 691, 697 (7th Cir. 2008)). Here Judge Gilbert amply explained his decision to impose a prison sentence 12 months above the statutory minimum—his previous leniency had not worked for Wade. Indeed, by also challenging the merit of the judge's reasons, Wade undermines his own argument that no explanation was given.

Wade asserts that the factors the district judge emphasized—Wade's recidivism, the disturbing images at issue, and the need for future deterrence—are common to all defendants convicted of possessing child pornography for the second time. Such reasons cannot support a variance, Wade argues, because "[a]n above-guidelines sentence is more likely to be reasonable if it is based on factors sufficiently particularized

to the individual circumstances of the case." *United States v. Jackson*, 547 F.3d 786, 792–93 (7th Cir. 2008) (internal quotation marks omitted); *see United States v. Bradley*, 675 F.3d 1021, 1025 (7th Cir. 2012).

But the reasons the judge gave for varying upward were not just Wade's recidivism and the nature of the images he possessed; rather, it was that Wade had squandered the chance Judge Gilbert gave him by reoffending. When Judge Gilbert gave his reasons for the sentence at the hearing, he invoked the adage, "fool me once, shame on you; fool me twice, shame on me," and spoke about the "two breaks" he had previously given Wade. The judge underscored this in his Statement of Reasons form when he wrote, "Leniency provided for previous federal conviction." This reason was "particular" to Wade, and the judge could, in his discretion, vary upward because of it. *See Warner*, 792 F.3d at 856; *see also* U.S.S.G. § 7B1.4 n.4 (advising, in revocation context, "[w]here the original sentence was the result of a downward departure … that resulted in a sentence below the guideline range applicable to the defendant's underlying conduct, an upward departure may be warranted.").

Finally, Wade argues that his overall sentence of 132 months' imprisonment is substantively unreasonable, and thus an abuse of discretion. *See Peugh v. United States*, 569 U.S. 530, 542 (2013). But we "will uphold an above-guidelines sentence so long as the district court offered an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a), for imposing such a sentence." *United States v. Gill*, 824 F.3d 653, 665 (7th Cir. 2016) (internal quotation marks omitted). Here, the judge's reasons go to the heart of § 3553(a); they touch on the nature and circumstances of the offense and the

history and characteristics of the defendant, as well as the need for a sentence to specifically deter Wade, to reflect the seriousness of the offense, to provide just punishment, and to protect the public. Besides pointing to Wade's recidivism and the "two breaks" the judge had given him, Judge Gilbert noted that (1) Wade had not sought a way to deal with stress besides downloading child pornography, (2) under supervision, Wade had succeeded in controlling his addiction, and (3) Wade had not used his family support to fight his addiction after the judge terminated his supervision, and that was part of the reason Wade had reoffended. These reasons provided a perfectly adequate explanation for Wade's sentence, so the judge did not abuse his discretion.

### III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.