**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2018[*]
Decided November 2, 2018

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2167

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:17-CR-30101-DRH-1 |
| JASON M. STOKER, *Defendant-Appellant.* | David R. Herndon, *Judge.* |

**O R D E R**

After a police officer died during a high-speed chase while pursuing Jason Stoker for dealing drugs, Stoker pleaded guilty to conspiring to distribute methamphetamine. He was sentenced to 180 months in prison, 29 months above the high end of his guidelines range. On appeal, he contends that his sentence is substantively

---

[*] We have agreed to decide this case without oral argument because the appellant waived oral argument, and we agree that the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. CIV. P. 34(a)(2)(C).

unreasonable. Because of the aggravating circumstances of the case, including Stoker's role in the officer's death, we affirm.

Stoker was part of a drug ring that sold "ice," a pure form of methamphetamine. One night, as Officer James Brockmeyer saw Stoker driving, he tried to stop Stoker because he suspected that Stoker was driving on a suspended license. Stoker, who had ice in his car, fled and a high-speed chase followed. During the chase, as Stoker evaded the officer, Officer Brockmeyer lost control of his car, crashed, and died.

Stoker later pleaded guilty to distributing more than 50 grams of methamphetamine. 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A). (He also faces charges in state court for Officer Brockmeyer's death.) Stoker conceded that his relevant conduct for sentencing included handling between 150 and 500 grams of ice, and the presentence investigative report, to which he did not object, calculated that he was responsible for 356 grams of ice. The district judge calculated a guideline range of 121 to 151 months' imprisonment. Stoker asked for a sentence at the bottom of this range; the government responded that a higher, within-guidelines range would be appropriate.

The judge sentenced Stoker to 180 months' imprisonment—29 months above the range—because in his view the Guidelines did not "adequately represent what occurred in this case." The judge cited many reasons, both in court and in his written statement of reasons, for the sentence. Most prominently, the judge highlighted that Officer Brockmeyer's death resulted from Stoker's conduct. The judge also noted that, beyond the death, "this was a very serious offense" because "[i]ce is particularly dangerous," and Stoker was responsible for nearly seven times the amount of ice required to trigger the statutory minimum of 120 months in prison. What is more, Stoker had been arrested over 20 times, convicted over a dozen times, and had four convictions for assault or battery involving "violent physical actions." This history displayed a "complete lack of recognition that other persons are entitled to be free from his anger." The judge found that Stoker's "actions in dealing illegal drugs and undertaking such a tragically reckless and deliberate effort to escape arrest demonstrate an escalation of [his] criminal behavior" and left "stunningly horrendous" devastation in the community.

Stoker argues on appeal that his sentence is substantively unreasonable, but we disagree. We review a sentence for substantive reasonableness under an abuse-of-discretion standard, and we will uphold the sentence so long as the district judge offered adequate reasons, consistent with 18 U.S.C. § 3553(a). *See United States v. Wade*, 890 F.3d 629, 633 (7th Cir. 2018). The judge did so here at sentencing by discussing the nature and circumstances of Stoker's offense, recounting Stoker's criminal history at

length, and evaluating the impact that the crime and Officer Brockmeyer's death had on the community. Moreover, in the written statement of reasons, which this court also looks to in evaluating a judge's sentencing rationale, *see United States v. Pankow*, 884 F.3d 785, 791 (7th Cir. 2018), the judge repeated what he had stated at the sentencing hearing: he based his upward variance on the death that Stoker caused. The judge thus more than adequately justified the above-guidelines sentence. *See Wade,* 890 F.3d at 633–34; *United States v. McKinney*, 543 F.3d 911, 912, 914 (7th Cir. 2008) (upholding 293-month sentence with 188 to 235-month range where defendant with significant criminal history fled from police).

Stoker resists this conclusion, asserting that the district judge made two errors in evaluating the § 3553(a) factors to sentence him above the guidelines range, but we are not persuaded by his argument. First, the judge found that his offense involving ice was "very serious," even though in Stoker's view the guidelines range already reflect the drug type and quantity. *See United States v. Jackson*, 547 F.3d 786, 792 (7th Cir. 2008). Stoker is correct that the Guidelines treat high-quantity, ice-related crimes more severely than crimes involving smaller amounts or less pure methamphetamine. We may therefore assume that the drug and its quantity might not alone suffice to justify a sentence above the guidelines range. *See United States v. Castaneda*, No. 18-1541, 2018 WL 5093031 (7th Cir. Oct. 19, 2018); U.S.S.G. § 2D1.1(c). But the judge commented on the drug and quantity in explaining why he was rejecting Stoker's request for a sentence at the bottom of the guidelines range. He observed that Stoker distributed nearly seven times the amount of ice needed to trigger the mandatory minimum of 120 months' imprisonment, which was a mere one month below the low end of the guidelines range. The judge's written statement of reasons reiterates why he sentenced Stoker above the range: he cited the officer's death as the reason for Stoker's above-guidelines sentence, not the nature or quantity of the drug. We therefore see no problem with the judge's comments about the nature and quantity of the drugs.

Second, Stoker contends the district judge erroneously concluded that he had become more dangerous over time. But the judge accurately traced Stoker's convictions, including his four convictions for assault and battery, and reasonably concluded that Stoker's criminal history culminating in his current behavior showed that he had become increasingly menacing. His participation in a high-volume drug conspiracy that attracted police attention, exacerbated the region's drug problem, and led to the loss of life an officer's life all support the judge's finding. The judge therefore reasonably sentenced Stoker based on sound conclusions.

AFFIRMED