**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued November 15, 2018
Decided December 7, 2018

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-3518

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 16 CR 732-1 |
| DENNIS WEATHERS, *Defendant-Appellant*. | Charles P. Kocoras, *Judge*. |

## O R D E R

Dennis Weathers, a convicted felon, shot Allante Elmore 11 times. Elmore survived, and Weathers pleaded guilty to unlawfully possessing a firearm. *See* 18 U.S.C. § 922(g)(1). The guidelines imprisonment range was 78–97 months, but the district court imposed a 120-month term, the statutory maximum. *See* 18 U.S.C. § 924(a)(2). On appeal, Weathers argues that his sentence is unreasonable because the court over-relied on his uncharged offense-related conduct (the shooting) and over-emphasized general deterrence. Because the court appropriately considered both, we affirm.

## Background

Weathers shot Elmore 11 times with a handgun, causing him to sustain 20 entry and exit wounds. Weathers admitted that he intended to rob Elmore and shot him after the two struggled over Weathers's gun. Given his criminal history, Weathers pleaded guilty to the unlawful possession of a firearm by a felon under § 922(g)(1). The district court sentenced Weathers to the statutory maximum of 10 years' imprisonment. *See* § 924(a)(2). It calculated an offense level of 26 and a criminal history category of III, yielding a guidelines range of 78–97 months' imprisonment. *See* U.S.S.G. ch. 5, pt. A. This calculation included a four-level enhancement because Weathers possessed the gun in connection with aggravated battery. *See* U.S.S.G. § 2K2.1(b)(6)(B). The court then turned to the statutory sentencing factors, *see* 18 U.S.C. § 3553(a), and varied upward from the guidelines range.

In doing so, the court considered Weathers's difficult childhood and his attempt in court to distinguish the underlying shooting from the actual elements of the gun-possession offense. Acknowledging that Weathers's tough childhood may have played a role in his choices, the court nevertheless concluded it could not "divorce" Weathers's possession of the gun from how he used it. Calling Weathers's conduct "the most egregious" § 922(g) case it had ever assessed, the district court had "no doubt" that Weathers "intended to kill" Elmore, based on the forensic evidence. The court also emphasized the need for deterrence and to make "an example" of Weathers in light of increased gun violence in Chicago.

## Analysis

Weathers challenges his sentence as unreasonable. This court reviews the sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Adams*, 879 F.3d 826, 829 (7th Cir. 2018). An above-guidelines sentence will be upheld "so long as the district court offered an adequate statement of its reasons, consistent with 18 U.S.C. § 3553(a)." *United States v. Wade*, 890 F.3d 629, 633 (7th Cir. 2018) (per curiam) (citation omitted).

Weathers first argues that the court erred by relying on his uncharged offense-related conduct; he cites *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99 (2013), to argue that sentencing courts cannot use uncharged conduct as the "primary" basis for a sentence. *Apprendi* and *Alleyne*, however, hold only that a court may not increase statutory maximum or minimum penalties based on

findings related to uncharged or acquitted conduct made under a preponderance standard. *Apprendi*, 530 U.S. at 490; *Alleyne*, 570 U.S. at 116. That does not mean a sentencing court must disregard uncharged conduct in selecting a sentence within the statutory range. *See Alleyne*, 570 U.S. at 116 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury."). To the contrary, a district court may consider relevant conduct at sentencing if proved by a preponderance of evidence. *See, e.g. United States v. Watts*, 519 U.S. 148, 156–57 (1997); *United States v. Musgraves*, 883 F.3d 709, 713 (7th Cir. 2018); *United States v. Ranjel*, 872 F.3d 815, 820 (7th Cir. 2017).

Here, the court found that Weathers committed aggravated battery by a preponderance of evidence. Indeed, it had "no doubt" that Weathers "intended to kill" Elmore based on the forensic evidence. Thus, the judge did not err by sentencing Weathers to the statutory maximum.

Weathers next contends that the district court over-emphasized general deterrence because some academic studies suggest that longer sentences for certain defendants do not deter others from committing similar crimes. Sentencing law, however, requires sentencing courts to reckon with deterrence, *see* § 3553(a)(2)(B), so there is no abuse of discretion in considering it among other § 3553(a) factors, *see United States v. Sunmola*, 887 F.3d 830, 841–42 (7th Cir. 2018); *see also United States v. Flores-Machicote*, 706 F.3d 16, 23 (1st Cir. 2013) (sentencing judges "need not afford equal weight to each factor"). Here, the district court did just that: it emphasized that this case was the "most egregious" § 922(g) matter it had ever assessed, and concluded Weathers was to be "an example." This shows that the court based Weathers's sentence not only on general deterrence, but also on Weathers's individual circumstances under § 3553(a)(2)(A).

Of course, in selecting an above-guidelines sentence, the court had to "explain and support the magnitude of the variance." *United States v. Warner*, 792 F.3d 847, 855 (7th Cir. 2015). The court's explanation, however, is reasonable in light of our decisions to affirm above-guidelines sentences based on similar considerations of uncharged violent conduct. *See, e.g. United States v. Mejia*, 859 F.3d 475, 478–79 (7th Cir. 2017) (30 months above guidelines range for felon-in-possession conviction with related, but uncharged, aggravated assault); *United States v. Gill*, 824 F.3d 653, 657, 659, 665–666 (7th Cir. 2016) (33 months above guidelines range for heroin distribution conspiracy involving uncharged violent activity); *United States v. Abebe*, 651 F.3d 653, 655–57

(7th Cir. 2011) (75 months above guidelines range for armed robbery conviction involving uncharged shooting of a bystander).

Finally, Weathers cites *United States v. Presley*, 790 F.3d 699, 700–04 (7th Cir. 2015), in which this court remanded a 37-year sentence for reconsideration in light of academic studies suggesting that lengthy sentences are ineffective for specific deterrence. *Presley* is inapplicable, however, because the court here considered general, not specific deterrence.

AFFIRMED.