NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 19, 2019
Decided February 20, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1225

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> CEBRIAN OMAR SIMS, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 3:17CR00050-001 <br><br> William M. Conley, <br> *Judge*. |

## O R D E R

Cebrian Omar Sims, a federal prisoner, was caught carrying half a pair of scissors while in prison. After a prison disciplinary hearing, he was found guilty of possessing a weapon and sentenced to a loss of 41 days of good-conduct time, a loss of 41 days of non-vested good-conduct time, 30 days of disciplinary segregation, and 120 days of lost privileges within the prison. He then was indicted and pleaded guilty to knowingly possessing a weapon while an inmate in a federal correctional institution. 18 U.S.C. § 1791(a)(2), (d)(1)(B). The district court sentenced him below the guidelines range to 21 months' imprisonment, consecutive to the remainder of his original sentence. Sims filed a notice of appeal, but his appointed appellate counsel has concluded that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). We

invited Sims to respond to counsel's motion, but he has not replied. See CIR. R. 51(b). Counsel's supporting brief explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve, so we limit our review to the subjects that counsel discusses. See *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel represents that Sims wants to withdraw his guilty plea because Sims believes he was coerced into pleading guilty. Nevertheless, counsel rightly concludes that it would be frivolous to challenge the voluntariness of Sims's plea. Because Sims did not move in the district court to withdraw his guilty plea, we would review the plea colloquy for plain error. See *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Our review of the colloquy reflects that the court ensured that there was a factual basis for the plea and otherwise substantially complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. We note that the judge neglected to tell Sims that his sworn statements during the colloquy could be used in a perjury prosecution, see FED. R. CRIM. P. 11(b)(1)(A). But we have deemed this error harmless where, as here, no prosecution is pending or anticipated. See *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996).

Counsel then tells us that Sims wishes to challenge his conviction on the basis that it violates the Double Jeopardy Clause. Counsel correctly declines to bring this challenge because prison discipline does not bar a subsequent criminal prosecution for the same offense. See *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996).

Next, counsel considers challenging Sims's sentence but appropriately concludes that such a challenge would be frivolous. Counsel explains that the district judge correctly calculated an offense level 11 and a criminal history category VI, yielding an advisory sentencing range of 27 to 33 months in prison. Further, we are entitled to treat Sims's below-guidelines sentence as presumptively reasonable. See *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Purham*, 795 F.3d 761, 765 (7th Cir. 2015). Counsel does not identify any reason to challenge that presumption here, and we discern none. Lastly, the judge properly addressed all Sims's principal arguments and appropriately addressed the sentencing factors in 18 U.S.C. § 3553(a) by discussing Sims's lengthy criminal history, the seriousness of both this offense and his prior burglary and firearm offenses, including others committed when he was a juvenile, and the fact that Sims's conviction showed that he was not progressing in his rehabilitation. See *United States v. Reed*, 859 F.3d 468, 472 (7th Cir. 2017); *United States v. Orozco-Sanchez*, 814 F.3d 844, 848–49 (7th Cir. 2016).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.