In the

# United States Court of Appeals

## For the Seventh Circuit

No. 19-1308

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTHONY SHOCKEY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:15-cr-00016-RLM-MGG-1 — **Robert L. Miller, Jr.**, *Judge.*

ARGUED OCTOBER 2, 2019 — DECIDED OCTOBER 22, 2019

Before BAUER, RIPPLE, and HAMILTON, *Circuit Judges*.

BAUER, *Circuit Judge.* Anthony Shockey appeals from the district court's order revoking his supervised release and imposing a 15-month prison sentence. The district court found that Shockey not only used methamphetamine but also possessed it, a Grade B violation of one of his supervised-release conditions. Shockey challenges this classification.

Because the district court reasonably could infer possession from use, we affirm the judgment.

While on supervised release for possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), Shockey tested positive for methamphetamine, which he later admitted using. Because Shockey violated the condition that he not use a controlled substance,[1] a probation officer petitioned to revoke his supervision. The officer prepared a "Summary Report of Violations" charging Shockey with a Grade B violation for conduct constituting an offense punishable by a prison term exceeding one year. *See* U.S.S.G. § 7B1.1(a)(2).

At his revocation hearing, Shockey asked the district court to find that he had merely *used* methamphetamine, rather than *possessed* it. (Use is a less serious Grade C that does not mandate revocation. *See* U.S.S.G. § 7B1.3(a)(1)). His conduct, he argued, violated the requirement of his supervised-release condition to refrain from using drugs—a violation that is not a felony, but instead merely a Grade C violation of "any other condition of supervision."

The district court rejected Shockey's argument. It found that the Guidelines could not be "reasonably read to make this a Grade C violation"; the violation had to be "either a Grade A or a Grade B." The court implicitly accepted the government's reliance on *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir.

---

[1] Condition 3 stated: "The defendant shall not unlawfully use any controlled substance, including marijuana, and shall submit to one drug test within 15 days of the beginning of supervision and at least 2 periodic tests after that for use of a controlled substance."

2001), which held that marijuana use supports an inference of marijuana possession. The district court thus found that Shockey had both possessed and used methamphetamine—a Grade B violation that corresponded to a sentencing range of 21 to 24 months in prison. The court sentenced him below that range to 15 months, acknowledging the need for a "significant period of incarceration" but recognizing that Shockey had stayed sober for 7 months before using methamphetamine and committed no other crimes.

On appeal, Shockey maintains that the district court erred in classifying his violation as Grade B without finding that he violated any law prohibiting possession of a controlled substance that was statutorily punishable by more than a year in prison. Although it would have been good practice for the court to cite a specific statute, Shockey was entitled only to fair, written notice of the alleged conduct underlying his Grade B violation. *See United States v. Lee*, 795 F.3d 682, 686–87 (7th Cir. 2015) (citing Fed. R. Crim. P. 32.1(b)(2)). Here, Shockey was notified before the hearing by the probation officer in writing that he was alleged to have violated § 35-48-4-6.1 of the Indiana Code (titled "Possession of methamphetamine"), and that this constituted a Grade B violation because the offense is punishable by more than one year in prison. Moreover, in the district court Shockey did not dispute that possession of methamphetamine is punishable as such. Because the report plainly identified the statute that Shockey was alleged to have violated and the district court resolved all issues of fact on the record, no error occurred. *See United States v. Tapia*, 610 F.3d 505, 513 (7th Cir. 2010).

Shockey relatedly argues that his use of methamphetamine did not require a finding that he also possessed methamphetamine. But he misapprehends the district court's ruling. The court *did* find that he possessed methamphetamine, which in Indiana is punishable by more than a year in prison. *See* Ind. Code §§ 35-48-4-6.1, 35-50-2-7. The district court reasonably could infer possession from use. *See United States v. Barnes*, 883 F.3d 955, 958 (7th Cir. 2018); *United States v. Trotter*, 270 F.3d 1150, 1153 (7th Cir. 2001). "Inferring possession of a drug from the consumption of that drug is just as sensible as inferring, from the statement 'I ate a hamburger for lunch,' that the person possessed the hamburger before wolfing it down." *Trotter*, 270 F.3d at 1153.

AFFIRMED