NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 21, 2019
Decided November 26, 2019

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 19-1419

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 4:16-cr-40048 |
| MARVIN L. DAVIS, *Defendant-Appellant*. | Sara Darrow, *Chief Judge*. |

**O R D E R**

Marvin Davis pleaded guilty to intentionally making a false statement when purchasing a firearm. The district court sentenced him to 48 months' imprisonment—above the Sentencing Guidelines range of 21 to 27 months—and three years' supervised release. Davis appeals, but his appointed attorney asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). We invited Davis to identify potential issues for appeal, CIR. R. 51(b), but he did not respond. Because counsel's brief thoroughly addresses the issues that an appeal of this kind might be expected to involve, we limit our review to the subjects that counsel discusses. *United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

While on probation in Illinois for possession of cannabis, Davis purchased seven handguns and one long gun from a federally licensed firearm dealer. The dealership reported the purchase as suspicious to the Bureau of Alcohol, Tobacco, Firearms, and Explosives. When the Bureau contacted Davis, he admitted that he had written an old address on the firearm-transaction record. Davis later pleaded guilty to making a false statement, "in connection with the acquisition … of any firearm," that was "intended or likely to deceive [the dealer] with respect to any fact material to the lawfulness of the sale." 18 U.S.C. § 922(a)(6). While out on bond, Davis tested positive for marijuana and failed to report for drug testing numerous times, in violation of the terms of his release.

In the presentence investigation report, the Probation Office recommended that a higher base offense level be applied because the Bureau suspected that Davis was a "straw purchaser." The base offense level for a conviction under § 922(a)(6) increases if the offense was committed "with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person," such as a felon. U.S.S.G. § 2K2.1(a)(6)(C). Davis claimed that he had stored the firearms in his father's home, but agents were unable to locate them there. Four of the eight firearms were later recovered from felons and a suspect in an armed robbery. Further, the Bureau knew that after Davis had reported as missing firearms that he had purchased in 2013, one was recovered from a felon and the other was recovered near the scene of a shooting.

At the sentencing hearing, the district court agreed that the presentence investigation report correctly calculated the applicable guidelines range of 21 to 27 months' imprisonment. The court, however, believed that the guidelines' treatment of straw purchasers was too lenient and imposed a sentence of forty-eight months' imprisonment instead. In justifying the sentence, the court also referred to Davis's risk of recidivism, his violations of bond conditions, and the fact that he was under state supervision when he committed the crime.

Counsel does not explore potential challenges to Davis's guilty plea because "Davis informed counsel that he does not seek to withdraw his guilty plea" and "instead raises challenges to his sentence" only. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). But counsel does not state expressly that he both consulted with Davis and "provide[d] advice about the risks and benefits" of challenging the plea, as *Konczak* requires. 683 F.3d at 349. The oversight is harmless, however, because according to our review,

the district court complied with the requirements of Federal Rule of Criminal Procedure 11 to ensure that the plea was knowing and voluntary.

In the district court, Davis did not move to withdraw his guilty plea, so we would review his plea colloquy for plain error. *United States v. Davenport*, 719 F.3d 616, 618 (7th Cir. 2013). Under this standard, an error is reversible if it affected Davis's substantial rights. *Id.* The sole omission from the plea colloquy was the advice that non-citizens may be removed from the United States if convicted (Rule 11(b)(1)(O)), but that provision did not pertain to Davis because he is a United States citizen, and so it did not affect his substantial rights. Thus, any argument that Davis's plea was invalid would be futile. *See Konczak*, 683 F.3d at 349.

Counsel first considers challenging the guidelines calculation by arguing that the district court lacked the requisite evidentiary basis to determine that Davis intended to resell the firearms to prohibited persons but determines that the argument would be frivolous because Davis waived it. Davis filed this objection before the sentencing hearing, yet, without explanation, did not raise it there when asked whether he had any objections to the guidelines range. Then, further complicating matters, Davis interjected to make this point during the court's discussion of § 3553(a) factors. Counsel may be able to argue that, at the very least, this objection was unwittingly forfeited, rather than strategically waived. *See United States v. Barnes*, 883 F.3d 955, 957–58 (7th Cir. 2018). Nonetheless, the district court is not bound by the rules of evidence when determining a defendant's base offense level and need only support its finding by a preponderance of evidence. *United States v. Ghiassi*, 729 F.3d 690, 695 (7th Cir. 2013). And here the district court had ample evidence to support a reasonable inference about Davis's intent, including information from law enforcement about where half of the guns ended up and no contrary explanation for those circumstances. We agree that an appeal on this ground would be frivolous.

We also agree with counsel that it would be frivolous to challenge the substantive reasonableness of Davis's sentence, even though it is above the applicable guideline range. But we do not agree with counsel's assessment that any such arguments have been waived. Counsel overlooks the difference between an objection and an exception, which we explained in *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009). For example, counsel asserts that, because Davis did not request further elaboration from the district court about its reasons for imposing the sentence, he waived his ability to argue that the court did not provide sufficient justification or that its reasoning was faulty. "But the rules do not require a litigant to complain about a

judicial choice after it has been made." *Id.* In his presentencing filings and at the sentencing hearing, Davis argued for a below-guidelines sentence based on a number of factors. This was sufficient to preserve an objection to a sentence well above the guidelines range, even without objecting to the court's policy justifications or other reasoning after they were announced. *See United States v. Pennington*, 908 F.3d 234, 238 (7th Cir. 2018). We agree with counsel, however, that, waiver aside, those arguments would be frivolous.

While the sentence imposed was well outside the advisory range, we agree that the district court provided such a thorough explanation of its reasons for the variance that any challenge to it would be frivolous. *See United States v. Wade*, 890 F.3d 629, 633 (7th Cir. 2018) (court "need not give an 'exhaustive' explanation for the sentence," even when it varies above the guidelines, so long as it "explain[s] and support[s] the magnitude of the variance"). We will uphold an above-guidelines sentence so long as the district court reviewed the factors in 18 U.S.C. § 3553(a) and clearly explained why the guidelines do not reflect the seriousness of the offense. *United States v. Musgraves*, 883 F.3d 709, 716 (7th Cir. 2018).

Here, the district court articulated a policy disagreement with the offense level under U.S.S.G. § 2K2.1(a)(6)(C), which, the court said, "get[s] it wrong" and "very inadequately addresses the very serious nature of [Davis's] offense conduct." The court explained that straw purchasers: (1) circumvent gun-control laws that prevent certain people from possessing firearms "for very valid reasons"; (2) "should be treated more severely than somebody who's just a felon in possession" because they enable multiple persons to break the law and harm the public; and (3) facilitate crime in the same way as a getaway driver, who is held responsible for acts of violence committed by others. A district court has discretion to depart from the sentencing range based on a categorical disagreement with the guidelines, as long as it acts reasonably in exercising that power. *Spears v. United States*, 555 U.S. 261, 264 (2009); *United States v. Corner*, 598 F.3d 411, 415 (7th Cir. 2010). The district court acknowledged and explained its policy disagreement, so we would not substitute our judgment.

Further, the district court discussed the § 3553(a) factors to support its decision to vary upward from the guidelines range. The court cited Davis's history of purchasing guns that ended up in the unlawful possession of others and the seriousness of his offense, including the known number of guns (four) that wound up in the hands of criminals this time and the reasonable inference that the missing four did, too. General deterrence was an unusually strong consideration for this crime, the court explained,

because those who can be straw purchasers by definition do not have substantial criminal histories and need to know that this crime will carry strong punishment in the first instance. The court also rejected Davis's mitigation arguments that his criminal history category overrepresented his risk of recidivism and that he was an involved father with a supportive family. First, the court replied that Davis's recent bond violations, and his having committed this offense while on state supervision, offset his sparse criminal history. The court further noted that Davis's family commitments and support had not deterred him from criminal activity. Given the court's thorough explanation of its chosen sentence, we agree with counsel that it would be frivolous to argue that the sentence is substantively unreasonable.

Finally, we agree with counsel's assessment that it would be frivolous to challenge either the imposition of or the conditions of supervised release, neither of which Davis objected to. The three-year term is within the statutory maximum and consistent with the recommended range of one to three years, and we see no basis on which Davis could establish plain error with respect to any of the conditions. *See United States v. Flores*, 929 F.3d 443, 445 (7th Cir. 2019).

We GRANT counsel's motion to withdraw and DISMISS the appeal.