NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 9, 2013
Decided October 23, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-2094

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Southern District of Illinois. |
| | |
| *v.* | |
| | No. 3:99-cr-30022-DRH-8 |
| THETIS L. JOHNSON, | |
| *Defendant-Appellant*. | David R. Herndon, |
| | *Chief Judge*. |

**O R D E R**

Thetis Johnson was convicted of drug crimes in 1999 and sentenced to 168 months' imprisonment and 5 years' supervised release. He was released from prison in 2010. The district court revoked his supervised release in 2013, imposing 48 months of additional imprisonment to be followed by 12 months of supervised release. The court

also required that Johnson submit to warrantless searches while on supervised release. Johnson argues that the court erred by including the search condition. We uphold that condition.

Johnson pleaded guilty to conspiracy and two substantive counts of possessing crack cocaine with intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), 846. At the time he already had a 1997 state conviction for delivery of a controlled substance. His prison term later was shortened to 140 months because of a retroactive change to the offense levels for most crimes involving crack.

Johnson was released from prison in 2010, and the following year his probation officer asked the district court to modify the conditions of his supervised release. The probation officer accused Johnson of a raft of violations: possessing marijuana, disorderly conduct, failing to submit to drug testing, not telling the probation officer about contact with law enforcement, failing to comply with reporting requirements, lying to the probation officer, and not paying his financial penalties. Johnson waived his right to a hearing and agreed to a modification of the conditions. The district court imposed six months of nighttime home detention and required Johnson to wear a tracking device.

Johnson did not stay out of trouble, however, and in April 2013 his probation officer asked the district court to revoke the term of supervised release. This request was based on the 2011 violations—except, for reasons unknown, lying to the probation officer—as well as new violations, including distributing marijuana and passing counterfeit money. At his revocation hearing Johnson admitted the alleged violations except for distributing marijuana and passing counterfeit money. But the district court found that he also committed those violations; Johnson had received the counterfeit money when he sold marijuana. The court also surmised that Johnson had failed to comply with his drug-testing program because he knew "he would not test clean," suggesting that he committed more drug offenses than explicitly shown in the record.

The district court imposed 48 months of additional imprisonment to be followed by 12 months of supervised release. The court included the following search authorization as a special condition of supervised release:

> Defendant shall submit his person, residence, real property, place of business, computer or other electronic communication or data storage device or media, vehicle, or any other property under his control to a search,

conducted by any United States Probation Officer and such other law enforcement personnel as the probation officer may deem advisable and at the direction of the United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release, without a warrant. Failure to submit to such a search may be grounds for revocation. The defendant shall inform any other residents that the premises or other property under the defendant's control may be subject to a search pursuant to this condition.

Johnson argues that the district court erred by imposing the search condition.

At the outset, the parties disagree about the standard of review. Johnson did not object when the district court imposed the search condition, so the government contends that review is limited to plain error. *See United States v. Tejada*, 476 F.3d 471, 473 (7th Cir. 2007) (reviewing special condition of supervised release for plain error because defendant failed to object when condition was imposed). Johnson insists, meanwhile, that no objection was required because the district court did not warn him that it was considering a search condition and any "objection" after the decision really would have been an "exception," which is unnecessary to preserve error for appeal. He thus argues that we should review for abuse of discretion.

Johnson is right that exceptions are unnecessary, FED. R. CRIM. P. 51(a); *United States v. Bartlett*, 567 F.3d 901, 910 (7th Cir. 2009), but when should a protest count as an exception rather than a necessary objection? Johnson argues that, because he had no opportunity to object before the search condition was announced, he was not required to protest the search condition afterward. He cites *Bartlett* to support his position, but *Bartlett* actually says the opposite: "Rule 51(b) … requires a protest immediately after the ruling if the litigant did not have an opportunity to argue the point earlier." *Bartlett*, 567 F.3d at 910. We endorsed the same approach in *United States v. Brown*, explaining that exceptions are not required for "issues that *were* raised before a judicial ruling." 662 F.3d 457, 461 n.1 (7th Cir. 2011), *vacated on other grounds sub nom. Vance v. United States*, 133 S. Ct. 65 (2012). But we may have taken a different approach in *United States v. Courtland*, 642 F.3d 545, 551 (7th Cir. 2011). In that case, the district court wrote a "sentencing memorandum" about the history of dog fighting, entered it into the docket as a "memorandum and opinion," and later referred to it as an "order." *Id.* at 547–49. In the district court the defendant did not object to the memorandum, but on appeal he argued that the district court erred in creating and relying on the document. *Id.* at 548–49. We concluded that an objection wasn't necessary and pointed out (as Johnson

does here) that parties are not required to make exceptions to rulings. *Id*. at 551.

We need not resolve any tension between *Bartlett* and *Brown*, on the one hand, and *Courtland*, on the other; we would uphold the search condition no matter the review standard. District courts have authority to impose special conditions not explicitly mandated by statute. 18 U.S.C. §§ 3553(a), 3583(d). That authority is not unlimited—most relevant here, special conditions must reasonably relate to a defendant's offenses, history, and characteristics, and they must not infringe the defendant's liberty more than reasonably necessary in order to deter (and protect the public from) future crimes. 18 U.S.C. §§ 3553(a), 3583(c), (d). But apart from those constraints, special conditions fall within a district court's discretion. *See, e.g., United States v. Monteiro*, 270 F.3d 465, 469–71 (7th Cir. 2001) (concluding that district court acted within its discretion by imposing search condition based on defendant's conviction for, and history of, fraud).

Johnson says that the district court failed to comply with the statutory constraints because, on his view, the search condition does not reasonably relate to his violations, history, and characteristics. Johnson relies on *United States v. Goodwin*, in which we vacated a search condition and instructed the district court to reassess that condition on remand. 717 F.3d 511, 523, 526 (7th Cir. 2011). Yet that decision provides little support for Johnson's argument. The appellant in *Goodwin* was convicted in 1994 of attempting to commit a lewd and lascivious act in the presence of a child, and then beginning in 2006 he repeatedly failed to comply with state and federal laws requiring him to register as a sex offender. *Id*. at 513–14. In vacating the search condition, we did not foreclose its application to the appellant; rather, we faulted the district judge for not justifying the broad search condition in a situation where the defendant's criminal conduct had no obvious connection to the places or items to be searched. *Id.* at 523.

That connection is not difficult to see in Johnson's case; many of his crimes and violations of supervised release relate directly to items he possessed. Johnson was convicted in Illinois state court in 1997 of delivering a controlled substance. He pleaded guilty in federal court in 1999 to crimes involving trafficking crack. While on supervised release, he possessed and sold marijuana. He also possessed and passed bogus currency. And he failed to show for drug tests, leading the district court to surmise that he was using as well as selling drugs. This extended history with illegal drugs makes Johnson's case quite different from *Goodwin*, and thus his argument that the search condition does not reasonably relate to his offenses and violations is not persuasive. *See Monteiro*, 270 F.3d at 469–71 (upholding search condition based on appellant's

history of fraud); *see also United States v. Kingsley*, 241 F.3d 828, 837 (6th Cir. 2001) (upholding search condition based on appellant's history with drugs, firearms, and other criminal activity).

Johnson counters that, even if the search condition is valid generally, the district court abused its discretion by permitting searches of his electronic devices. He again relies on *Goodwin* because in that decision we discussed searches of the appellant's computer separately from searches of his person and other places, emphasizing that a computer did not appear to have played a role in the crimes for which the appellant was placed on supervised release, or in any of his past crimes. 717 F.3d at 523. Johnson tries to invoke the same concern here by arguing that his offenses and violations are "not connected to a computer or phone."

This narrow attack on the search condition stretches *Goodwin* too far. For one thing, the condition in *Goodwin* was considerably broader because it did not limit the circumstances in which the probation officer could conduct a search, and it required the appellant to allow continuous software monitoring of his Internet use. 717 F.3d at 514–15, 523. The condition here, as we read it, is limited to searches based on reasonable suspicion that contraband or evidence of a violation of a release condition will be found. Moreover, we did not say in *Goodwin* that conditions relating to electronic devices are permissible only if the record shows that electronic devices were actually used to commit crimes. The underlying offenses in *Goodwin* did not suggest an obvious relationship with the appellant's computer, and lacking evidence that the appellant had used the computer when committing his crimes, the condition needed some justification from the district court.

But in this case it is easy to envision a relationship between electronic devices and Johnson's offenses and violations, even without evidence that Johnson used electronic devices to commit them. Johnson, for example, had to obtain and sell the drugs he possessed and distributed. Those activities required him to communicate in some manner with suppliers and customers, and electronic devices likely were used. Maybe Johnson never communicates about drugs by phone or text message or e-mail, but that seems unlikely (and he doesn't make that argument). Thus, in contrast with *Goodwin*, an authorization to search Johnson's electronic devices is reasonably related to his offenses and violations.

Johnson also says that the district court erred by failing to comply with the statutory constraints because the search condition infringes his liberty more than is

reasonably necessary to deter (and protect the public from) future crime. He argues that a search condition is not justified unless he poses "a particular risk atypical for offenders committing Grade A and B violations (all of which are serious)." The basis for this purported requirement of "atypical" risk is unclear. Johnson cites *Monteiro* for support, but that case cuts against his argument. In *Monteiro*, the appellant was convicted (and had a history) of fraud, and the district court included a search authorization as a condition of supervised release. *Monteiro*, 270 F.3d at 469. We found no error with the search portion of the condition, concluding that it "clearly relates to the goals of rehabilitation and protection; it deters [the appellant] from engaging in identity fraud after his release." *Id.*; *see also United States v. Kingsley*, 241 F.3d 828, 837 (6th Cir. 2001) (upholding search condition based on appellant's history with drugs, firearms, and other criminal activity); *United States v. McKissic*, 428 F.3d 723–24 (7th Cir. 2005) (upholding total ban on alcohol use as reasonably necessary to address appellant's "deteriorating behavior pattern").

The district court did not err by finding that the search condition is reasonably necessary here. Johnson has a long history of drug-related crimes and violations of supervised release. He repeatedly violated the conditions of his supervised release, even after the district court modified them in 2011. And some of his violations—e.g., failing to comply with drug-testing requirements and failing to notify the probation officer about contact with law enforcement—suggest that Johnson was hiding other violations. Based on this history, the district court had a reasonable basis for concluding that a search condition is necessary to deter Johnson and protect the public. And as an added protection against the condition proving overly intrusive in actual practice—as Johnson seems to fear—the statute allows him to ask the district court to modify it later if necessary. 18 U.S.C. § 3583(e)(2); FED. R. CRIM. P. 32.1(b); *see Monteiro*, 270 F.3d at 472 (upholding search condition and noting that appellant could seek modification if law enforcement officers abused search authority).

AFFIRMED.