In the

# United States Court of Appeals

## For the Seventh Circuit

<hr>

No. 19-1135

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM ANTHONY DODDS,

*Defendant-Appellant.*

<hr>

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:17-CR-00574(1) — **Manish S. Shah**, *Judge.*

<hr>

ARGUED NOVEMBER 13, 2019 — DECIDED JANUARY 13, 2020

<hr>

Before BAUER, BRENNAN, and SCUDDER, *Circuit Judges.*

PER CURIAM. William Dodds appeals several conditions of
supervised release imposed as part of his sentence for pass-
port fraud, in violation of 18 U.S.C. § 1542. Dodds contends
the challenged conditions are either unconstitutionally vague
or lack adequate justification. But in the district court, he ob-
jected to only one of the proposed conditions and affirma-
tively waived any challenge to the rest. While the written
judgment must be modified to conform one condition to the

oral pronouncement, in all other respects it is correct, so we modify the written judgment and affirm the judgment as modified.

## I. BACKGROUND

Dodds applied for a United States passport using his brother's name, birthdate, and social security number in place of his own because he was restricted from traveling as a condition of probation. He pleaded guilty to making a false statement in application for a passport for his own use, 18 U.S.C. § 1542, pursuant to a written plea agreement. He reserved the right to appeal the validity of his plea and the sentence imposed.

In its Presentence Investigation Report (PSR), the Probation Office recommended a series of supervised-release conditions, including:

- **Discretionary Condition #7**: you shall refrain from ☐ any or ☒ excessive use of alcohol (defined as having a blood alcohol concentration greater than 0.08%; or ☐ );

- **Discretionary Condition #14**: you shall remain within the jurisdiction where you are being supervised, unless granted permission to leave by the court or a probation officer;

- **Discretionary Condition #16**: you shall permit a probation officer to visit you at [various places including] work;

- **Discretionary alternative Condition #23**: You shall submit your person, property, house, residence, vehicle, papers [computers as (defined in 18 U.S.C. 1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States Probation Officer(s). Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

  An officer(s) may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

- **Special Condition #3**: You shall, if unemployed after the first 60 days of supervision, or if unemployed for 60 days after termination or lay-off from employment, perform at least 20 hours of community service per week at the direction of the U.S. Probation Office until gainfully employed. The amount of community service shall not exceed 400 hours;

- **Special Condition #4**: You shall not maintain employment where you have access to other individual's personal information, including, but not limited to, Social Security numbers and credit card numbers (or money) unless approved by a probation officer; and

- **Special Condition #13**: if the probation officer deter-
  mines that you pose a risk to another person (includ-
  ing an organization or members of the community),
  the probation officer may require you to tell the per-
  son about the risk, and you must comply with that in-
  struction. Such notification could include advising the
  person about your record of arrests and convictions
  and substance use. The probation officer may contact
  the person and confirm that you have told the person
  about the risk.

Dodds filed a sentencing memorandum objecting to the
PSR. He believed he should receive a two-level reduction for
acceptance of responsibility, but he did not contest any of
the recommended supervised-release conditions. He re-
quested a below-guidelines sentence, asserting "any addi-
tional scrutiny warranted by special conditions that may be
imposed" would "sufficiently deter" him from future
crimes.

At the sentencing hearing, Dodds had an opportunity to
object to the recommended conditions of supervised release.
When the court asked, "On behalf of the defense, do you
agree that I can impose these conditions without reading
them verbatim?", counsel responded, "Oh, I agree, yes."
When asked if he had "reviewed the PSR with Mr. Dodds,"
counsel said, "I have, or my staff has." And when asked,
"Are there any objections from the defense to any of the pro-
posed conditions of supervised release?", counsel stated,
"No, sir."

Nevertheless, Dodds later objected when the probation
officer requested that the court impose the search condition

recommended in the PSR. The district court noted that Dodds had already declined to object to any of the proposed conditions, but it still entertained his argument. Dodds stated that the condition was too "intrusive" and that if the government formed a belief that "he is engaging in [fraudulent] conduct," it should obtain a search warrant. The district court overruled the objection, explaining: "[T]his condition appropriately balances the needs for reasonableness and to take into account Mr. Dodds's privacy while balanced against the need to make sure that Mr. Dodds is not misusing identities or identity documents or engaged in financial wrongdoing, which his history suggests he poses some risk of doing."

Dodds was sentenced within the guidelines range to six months in prison and three years' supervised release. The oral statement of the supervised-release conditions defined "excessive" alcohol consumption as "a blood-alcohol concentration greater than .08%"; in the written judgment, however, the box defining blood-alcohol concentration is not checked.[1] Dodds now appeals, challenging all seven of the quoted conditions of his supervised release, most on multiple grounds.

---

[1] The excessive-alcohol condition in the written judgment reads: "☒ (7) you shall refrain from ☐ any or ☒ excessive use of alcohol (defined as ☐ having a blood alcohol concentration greater than 0.08)."

## II. DISCUSSION

### A. Waiver of Objections to the Conditions of Supervised Release

The government argues Dodds waived review of all but one of the conditions because he had advance notice and an opportunity to object yet failed to do so. In his reply, Dodds argues his "failure to object to the supervised release conditions" and his challenge of "some things but not others" was not waiver; he also argues "any decision to forego [*sic*] oral pronouncement of the conditions" does not demonstrate a "targeted strategy" under *United States v. Barnes*, 883 F.3d 955, 957–58 (7th Cir. 2018). In particular, Dodds denies he "affirmatively indicated" he gave up his objections. We disagree.

Waiver is the intentional relinquishment of a known right. *Puckett v. United States*, 556 U.S. 129, 138 (2009) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)). At the sentencing hearing, Dodds not only waived reading of the supervised-release conditions, but he also expressly stated he had no objections to the proposed conditions. That is an affirmative waiver, not, as Dodds suggests, omission or inaction. *See Barnes*, 883 F.3d at 957. Counsel later objected to the search condition when the probation officer brought it up. The court reminded counsel he had agreed to all of the conditions earlier in the hearing but still heard the objection. Thus, Dodds had notice that this was his final chance to object. He did not challenge any other condition. Immediately after imposing the conditions, the court asked counsel, "Anything further from the defense?" Counsel said, "That's it."

Further undermining Dodds's argument that it is unfair to infer a waiver from mere inaction is that his conduct at sentencing suggested a deliberate strategy. *See, e.g.*, *United States v. Hunt*, 930 F.3d 921, 925 (7th Cir. 2019) ("It can make strategic sense to focus arguments on … important issue[s]," rather than "nitpicking supervised release conditions."). Although a defendant does not necessarily waive a sentencing argument "by contesting some aspects of the PSR and not others," *Barnes*, 883 F.3d at 957, "a more targeted strategy raises a different inference." Here, Dodds selectively objected to the supervised-release conditions, but he also argued in his sentencing memorandum that he deserved a below-guidelines sentence, specifically because the special supervised-release conditions would deter him from other crimes. *See* 18 U.S.C. § 3553(a)(2)(B). This, coupled with his affirmation that he had no objections to the proposed supervised-release conditions, constitutes waiver, not forfeiture (except with respect to the two conditions discussed in the next section). Therefore, we do not review the contested conditions for plain error. *See Hunt*, 930 F.3d at 924; *see also Olano*, 507 U.S. at 731–35.

Dodds also complains that *United States v. Flores*, 929 F.3d 443, 450 (7th Cir. 2019), "reinvents" waiver to his detriment. *Flores* holds that in the supervised-release context, waiver occurs "when the defendant has notice of the proposed conditions, a meaningful opportunity to object, and she asserts (through counsel or directly) that she does not object to the proposed conditions, waives reading of those conditions and their justifications, challenges certain conditions but not the one(s) challenged on appeal, or otherwise evidences an intentional or strategic decision not to object." 929 F.3d at 450. But

the government did not rely on *Flores* to support its waiver argument, nor did it need to.

Further, *Flores* is not a sea change; it is consistent with our precedents. *See, e.g.*, *United States v. Gumila*, 879 F.3d 831, 837-38 (7th Cir. 2018) (applying waiver where defendant objected to one aspect of PSR before sentencing hearing but did not object to proposed supervised-release conditions at hearing, despite having advance notice of conditions); *United States v. Gabriel*, 831 F.3d 811, 814 (7th Cir. 2016) (applying waiver where counsel confirmed at sentencing hearing that defendant did not wish to object to proposed supervised-release conditions, despite having advance notice of conditions). We note, too, that before it was issued, *Flores* was circulated to all judges in active service under Circuit Rule 40(e), and no judge voted to hear the case en banc. 929 F.3d at 450 n.1.

## B.  Preserved Challenges

Dodds preserved his challenges to some aspects of two conditions, which we address in turn.

### 1. Discretionary Condition #7 (excessive-alcohol restriction)

Dodds challenges the restriction on his "excessive" use of alcohol, arguing it is not justified given his history as a "social" drinker who never "misbehaved due to the influence of alcohol." But he waived this argument in the district court by agreeing to imposition of the condition. Still, he may object to the lack of definition of "excessive" because he could not have predicted that the written judgment would not

conform to the oral pronouncement, which did define "excessive." *See United States v. Hudson*, 908 F.3d 1083, 1085 (7th Cir. 2018); *see also United States v. Gawron*, 929 F.3d 473, 478 (7th Cir. 2019). So we may order the judgment amended to conform to the oral pronouncement. *Gawron*, 929 F.3d at 478.

### 2. Discretionary alternative Condition #23 (Search and Seizure)

Dodds preserved his challenge to the intrusive nature of this condition, which allows a probation officer to search his home with reasonable suspicion that he might have violated any supervised-release condition. He argues the condition is unreasonable because it is broader than both an analogous search condition applied to sex offenders, *see* 18 U.S.C. §§ 3583(d), 3563(b)(23), and the search condition that we vacated in *United States v. Farmer*, 755 F.3d 849, 854–55 (7th Cir. 2014). We review contested conditions for abuse of discretion. *United States v. Bickart*, 825 F.3d 832, 839 (7th Cir. 2016).

Dodds's first argument appears to rest on the premise that imposing a condition similar to (or even broader than) those applicable to defendants required to register as sex offenders automatically violates § 3583(d)(3), which requires all conditions to be consistent with the "pertinent policy statements" of the Sentencing Commission. Dodds contends that § 5D1.3(c)(6), the standard condition allowing probation officers to visit a defendant at home and seize any prohibited items spotted in plain view, is the relevant policy statement. But simply pointing to a less restrictive alternative does not demonstrate an abuse of discretion because the district court tied the imposed condition to Dodds's personal history, explaining it would ensure he "is not misusing

identities or identity documents or engaged in financial wrongdoing." Dodds does not engage with that reasoning.

Moreover, the imposed condition is, in fact, narrower than the search condition vacated in *Farmer*, which permitted searches conducted with law enforcement assistance and that required no suspicion, reasonable or otherwise. 755 F.3d at 854. Here, the condition requires reasonable suspicion and permits only searches conducted by the probation officer. Dodds now argues the search condition's requirement to "warn any other occupants that the premises may be subject to searches pursuant to this condition" makes it broader than the condition in *Farmer*. But in *Farmer*, the imposed condition also said the defendant "shall warn other occupants that the premises may be subject to searches." 735 F.3d at 851. So, given the imposed condition's requirement of reasonable suspicion and limitation to searches conducted by probation officers, it is narrower than the condition in *Farmer*. And because Dodds does not refute the district court's reason for imposing it, he has not demonstrated an abuse of discretion.

The other challenges to the search condition Dodds raises on appeal are waived because he did not present them to the district court. He made no procedural objection and did not call for further justification of the condition, so his arguments that the court failed to consider the relevant statutory provisions or adequately explain why it imposed this condition, *see* 18 U.S.C. §§ 3583(c), 3583(d)(1)–(3), are waived. *Walker v. Groot*, 867 F.3d 799, 802 (7th Cir. 2017).

**C.  Whether We Should Overlook Waiver**

While Dodds waived the bulk of the arguments he now raises, we have recognized that, in extraordinary circumstances, we may "overlook" a party's waiver of challenges to supervised-release conditions. *Hunt*, 930 F.3d at 925; *Flores*, 929 F.3d at 450. For example, in *United States v. Adkins*, we overlooked an appellate waiver because a condition was so vague that "no reasonable person could know what conduct is or is not proscribed." 743 F.3d 176, 192–93 (7th Cir. 2014) (reaffirming due-process exceptions to waiver of appellate review). The condition challenged must be so vague that not correcting it would jeopardize "fundamental fairness to the particular defendant" or the "fundamental legitimacy of the judicial process." *Adkins*, 743 F.3d at 193; *see also United States v. Campbell*, 813 F.3d 1016, 1018–19 (7th Cir. 2016).

Dodds argues that a number of the discretionary and special release conditions in this case fall into this category.[2] We disagree, and conclude that none of these challenged conditions implicate the fundamental constitutional liberties warranting the exercise of the discretion reserved in *Hunt* and *Flores*. Accordingly, we do not overlook their waiver here.

---

[2] Discretionary Conditions #14 (travel restriction) and #16 (visitation), and Special Conditions #3 (community service requirement), #4 (prohibition on employment involving access to others' personal information), and #13 (notifying third parties of risks).

## III. CONCLUSION

For these reasons, we modify the written judgment to define the term "excessive" in Discretionary Condition #7 and AFFIRM the judgment as modified.