**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 2, 2020
Decided November 3, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1357

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:10-CR-30179-SMY-1 |
| GARY E. SHIELDS, *Defendant-Appellant*. | Staci M. Yandle, *Judge*. |

**O R D E R**

Gary Shields pleaded guilty to possessing child pornography, 18 U.S.C. § 2252(a)(4)(B), (b)(2), and was sentenced to 120 months' imprisonment followed by a lifetime of supervised release. During his first year of release, Shields violated several conditions of his supervision, including accessing child pornography from the internet. After the government moved to revoke his release, Shields admitted to the violations. The district court revoked his supervised release and sentenced him to 18 months' reimprisonment followed by a lifetime of supervised release. Shields filed a timely notice of appeal and seeks to challenge his sentence. His appointed counsel, however, asserts that all potential appellate arguments are frivolous, moves to

withdraw, and asks us to dismiss the appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We agree with counsel and therefore grant the motion to withdraw and dismiss the appeal.

Although the Constitution does not automatically entitle a defendant to counsel in revocation proceedings, we nonetheless analyze counsel's motion to withdraw under the *Anders* safeguards to ensure careful consideration of potential issues. *See United States v. Brown*, 823 F.3d 392, 394 (7th Cir. 2016). Counsel's brief explains the nature of the case and addresses the issues that an appeal of this kind may be expected to involve. Because his analysis appears thorough, and Shields did not respond, *see* CIR. R. 51(b), we limit our review to the subjects counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014). Counsel assures us that, after discussing the risks and benefits of contesting the validity of Shield's admission to violating his conditions of supervised release, Shields stated that he wishes to challenge only his sentence. So counsel appropriately does not discuss any potential issues about the revocation itself. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012).

Counsel first contemplates a challenge to the 18-month prison term on the basis that it exceeds the guidelines range of 5 to 11 months, *see* U.S.S.G. § 7B1.4(a), and he rightly concludes the challenge would be pointless. We would vacate the sentence only if it were plainly unreasonable. *See United States v. Jones*, 774 F.3d 399, 403 (7th Cir. 2014). Shields's prison term is not. It is below the statutory maximum of 24 months, and to arrive at it, the court reasonably weighed the 18 U.S.C. § 3553(a) sentencing factors. *See* 18 U.S.C. § 3583(e)(3). The court noted that Shields was a victim of child sexual abuse, *see id.* at § 3553(a)(1), attended sex offender treatment, *see id.* at § 3553(a)(2)(D), and asserted that he wanted to get better. But the court permissibly found that his violations—which were similar to his underlying offense, *see id.* at § 3553(a)(1)—were "extremely significant and extremely troubling": He admitted to masturbating in public and viewing child pornography online, and he was discharged from the treatment program after bullying its staff and members. The district court also reasonably cited the need to deter Shields's conduct. *See id.* at § 3553(a)(2)(B). Shields had boasted to his probation officer that he could satisfy his sex addiction undetected, and the treatment program's therapist opined that Shields was unwilling to change. The court thus soundly concluded that Shields posed a substantial threat to the public, *see id.* at § 3553(a)(2)(C), warranting an upward variance. *See* U.S.S.G. § 7B1.4, cmt. 3. Given the court's explanation and its consistency with the guidelines' commentary, Shields could not reasonably argue that the 18-month prison term was plainly unreasonable.

Next, counsel considers whether Shields could mount a plausible substantive challenge to his lifetime term of supervised release. Like his term of imprisonment, we would reverse this portion of his sentence only if it were plainly unreasonable. *See Jones*, 774 F.3d at 403. Counsel correctly concludes that the substantive argument would be hopeless. For offenses involving minor victims, 18 U.S.C. § 3583(k) authorizes a term of five years to life. And because the guideline range is one year to life, *see* U.S.S.G. § 5D1.2(b)(2), we would presume that the life sentence was substantively reasonable. *See United States v. Lickers*, 928 F.3d 609, 621 (7th Cir. 2019). Counsel cannot identify, nor can we discern, any reason to disturb that presumption.

Counsel also considers a procedural point: whether the district court reversibly erred by not stating on the record the guidelines range for the term of supervised release. He observes accurately that a sentencing court must correctly calculate the guidelines range, *see Hawkins v. United States*, 706 F.3d 820, 822 (7th Cir. 2013), and if the court fails to do so, the omission is subject to harmless-error analysis. *See United States v. Shelton*, 905 F.3d 1026, 1031 (7th Cir. 2018). Any omission here was necessarily harmless. The probation officer correctly told the district court that the guidelines recommend a life term of supervised release, U.S.S.G. § 5D1.2(b)(2), and the parties likewise acknowledged to the court that Shields could be sentenced for life. Given the uncontested guidelines' recommendation of lifetime supervised release for sex offense felonies, Shields could not plausibly argue that the absence of a statement from the court reiterating the guideline range is reversible error.

Lastly, counsel rightly concludes that it would be frivolous to challenge the district court's amendment to a condition of Shields's supervision at the sentencing hearing. In light of recent case law, *see United States v. Lee*, 950 F.3d 439, 447 (7th Cir. 2020), the court revised one condition to provide that only the court (not a probation officer) could approve Shields's internet-connected devices. Before the hearing, Shields signed a waiver of any objections to the conditions of release. After the judge amended the one condition at the hearing, Shields orally confirmed that he had no objections. As counsel's brief recognizes, these actions waived any appellate challenge to the conditions. *See United States v. Dodds*, 947 F.3d 473, 476 (7th Cir. 2020).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.