In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 22-1325

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERTO CRUZ-RIVERA,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:21-cr-00160 — **Tanya Walton Pratt**, *Chief Judge.*

---

ARGUED MAY 17, 2023 — DECIDED JULY 20, 2023

---

Before RIPPLE, SCUDDER, and LEE, *Circuit Judges.*

RIPPLE, *Circuit Judge.* Roberto Cruz-Rivera was convicted of failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a). The district court sentenced him to forty-one months' imprisonment and five years of supervised release. Mr. Cruz-Rivera now challenges one aspect of his sentence. He submits that the district court erred in imposing a discretionary condition of supervised release that allows a probation officer, with the assistance of law enforcement, to search

his person and property upon reasonable suspicion that he has violated a condition of supervised release or has committed other unlawful conduct.

We conclude that the district court did not err in imposing the challenged supervised release condition. We therefore affirm the judgment of the district court.

**I**

**A**

Mr. Cruz-Rivera was convicted of first-degree rape and first-degree assault in New York in 2001 after he violently attacked two women who suffered from a mild mental disability. He had stabbed both women and raped one woman. He was released from prison for those offenses in October 2015. Because of the rape conviction, he was required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 *et seq.*

Between September 2017 and March 2020, Mr. Cruz-Rivera lived and worked in Indiana. During this time, he was employed by a staffing agency and worked throughout Indianapolis, including at the Convention Center, Lucas Oil Stadium, the JW Marriott Hotel, Butler University, and an elementary school. He also was convicted of two felonies—resisting law enforcement and auto theft—in Indianapolis during that time.

Mr. Cruz-Rivera never registered as a sex offender in Indiana.

**B**

A grand jury indicted Mr. Cruz-Rivera on one count of failing to register as a sex offender, in violation of 18 U.S.C.

§ 2250(a), between September 15, 2017, and March 14, 2020. Mr. Cruz-Rivera chose to proceed pro se in the district court. The district court conducted a bench trial and found him guilty.

Before his sentencing hearing, the Probation Office prepared a Presentence Investigation Report ("PSR") in which it recommended the following condition of supervised release:

> You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer. You shall warn other occupants these locations may be subject to searches.[1]

---

[1] R.284 ¶ 87(m).

The PSR explained that, "[d]ue to the nature of the instant offense and the defendant's criminal history, this condition [wa]s recommended to protect society."[2]

Mr. Cruz-Rivera objected to this proposed condition of supervised release. He contended that the condition, which allows search and seizure "without a search warrant supported by probable cause," violated his Fourth Amendment right "to be free from unreasonable search and seizure."[3] He objected in particular to "[a] blanket justification for the search of electronics, electronic communications, and their data," noting that "[t]he instant offense did not involve[] the use of computers, electronic devices, telephones, internet enabled devices, and their data, nor [wa]s the nature of the offense related to the use of computers, electronic devices, telephones, internet enabled devices, and their data."[4] He stated that he did not "object to the search of his person if there is reasonable suspicion of evidence that could be obtained indicating a violation of the conditions of supervised release."[5]

The Probation Office, citing U.S.S.G. § 5D1.3(b), responded as follows:

> Search and seizure is undoubtably important for public safety purposes in monitoring offenders following their release into the community. It is a condition of supervised release that is

---

[2] *Id.*

[3] R.235 at 1.

[4] *Id.* at 2, 4.

[5] *Id.* at 4.

imposed on all monitored offenders. Searches are not conducted without probable cause and only after approval from the Deputy Chief and/or Chief Probation Officer.[6]

At the sentencing hearing, the district court overruled Mr. Cruz-Rivera's objection to the search condition. The court stated:

> You object to the condition of supervised release that concerns certain seizure of electronic devices, electronic communication, and all electronic data without a search warrant supported by probable cause. Okay. And I'm going to overrule the objection, because when you're on probation or supervised release, you're under a different standard.
>
> And under the guidelines, Section 5D1.3(b), the Court may impose conditions of supervised release to the extent that such conditions are reasonably related to the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes, the need to provide the defendant with needed vocational, medical, correctional treatment in the most effective manner.

---

[6] R.284 at 25.

And it says that the conditions the Court impose should involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission. So the search and seizure of your computer devices is reasonable in this case because of the nature of your conviction for failing to register as a sex offender, and the searches that would not be conducted without probable cause. So they would—the Probation Department would have to have probable cause to search your devices; okay? It will be a condition that you not have—I don't know if we have the condition of child pornography or anything like that. Is that one of the conditions?

(Off the record.)

Okay. All right. So if there was some suspicion or probable cause that you were involved in some criminal activities, then they would be able to do a search; okay? But if there's—they would have to have some sort of probable cause, some reason, some suspicion, some reasonable suspicion, in order to exercise any searches on your devices.[7]

---

[7] Sentencing Tr. at 17:9–18:18.

The court then accepted the PSR "for the record under seal with the changes and notifications that the Court requested to be made to the report."[8]

The court imposed a sentence of forty-one months' imprisonment and five years of supervised release. This sentence reflected "the seriousness of the offense, promote[d] respect for the law, and provide[d] just punishment."[9] The court explained that it was ordering Mr. Cruz-Rivera to comply with the additional conditions of supervised release listed in the PSR "[t]o promote respect for the law, prevent recidivism, and aid in adequate supervision."[10] The court read the conditions of supervised release into the record so that Mr. Cruz-Rivera could "understand them in the future."[11] The court read the search condition as it appeared in the PSR and stated that it was imposing this condition "due to the nature of the instant offense" and "to protect society."[12]

The district court explained that it had considered the 18 U.S.C. § 3553(a) factors in deciding Mr. Cruz-Rivera's sentence. Regarding the instant offense and his criminal history, the court first noted that he "was convicted of a very violent rape in 2001," and, "[w]hile previously incarcerated, he

---

[8] *Id.* at 25:25–26:3.

[9] *Id.* at 43:24–25.

[10] *Id.* at 44:21–22.

[11] *Id.* at 45:7–8.

[12] *Id.* at 48:9–24.

incurred a conviction for assault of a correctional officer."[13] After being released from prison, Mr. Cruz-Rivera lived in Ohio, Michigan, Indiana, and Florida and admitted that "he did not register as a sex offender in any of these states."[14] He had been arrested on four separate occasions between 2017 and 2020. He was arrested twice for failure to register as a sex offender, but those charges were later dismissed. He also was arrested and convicted of felony auto theft in September 2018 and felony resisting law enforcement in November 2018. At the time he committed the instant offense, he was on probation for his resisting law enforcement conviction. In addition, Mr. Cruz-Rivera had two open warrants for the charge of sex offender registry violation. He also had a pending case in Georgia for giving a false name and theft.

Turning to Mr. Cruz-Rivera's personal characteristics, the court detailed his "very tragic and unfortunate childhood."[15] The court also indicated that it had considered his mitigation arguments, including his lack of youthful guidance, the assault he suffered in the Clark County Jail, his anxiety and stress, and his strained relationship with his son due to being absent and incarcerated. The court, however, emphasized the seriousness of Mr. Cruz-Rivera's offense and the need to protect society:

> [Y]ou tell me now that you understand your responsibility to register as a sex offender, and that you're going to accept your responsibility

---

[13] *Id.* at 49:13–14, 16–17.

[14] *Id.* at 49:22–25.

[15] *Id.* at 50:18.

for your unintended violation of the statute, and that you do intend to maintain your sex offender registration once you're released from prison, but the Court does agree with the government regarding the very seriousness of this offense.

There's a very important reason why sex offenders are required to register. Had you been a registered sex offender, you would not have been hired by a school. So you've got to—you've got to register, because we have to protect—it's just about protecting society. Hopefully, you will never, ever, ever do another violent or even nonviolent sex offense, but you're required to register.[16]

The district court entered a final judgment that listed the conditions of supervised release with which Mr. Cruz-Rivera was required to comply. The judgment contained the search condition—as it appeared in the PSR and was read into the record at the sentencing hearing—as Condition 13.

Mr. Cruz-Rivera timely appealed.

## II

## DISCUSSION

### A

We review contested conditions of supervised release for an abuse of discretion. *See United States v. Dodds*, 947 F.3d 473, 477 (7th Cir. 2020) (per curiam). This is not an entirely

---

[16] *Id.* at 53:17–54:5.

toothless standard. "[A]lthough a sentencing judge has wide discretion in determining the conditions of supervised release, this discretion is not without limits." *United States v. Morgan*, 987 F.3d 627, 633–34 (7th Cir. 2021) (cleaned up) (quoting *United States v. Adkins*, 743 F.3d 176, 193 (7th Cir. 2014)). Under 18 U.S.C. § 3583(d), a condition of supervised release must meet three requirements.[17]

First, the condition must be reasonably related to the relevant § 3553(a) factors—namely, "(1) the defendant's offense, history and characteristics; (2) the need for adequate deterrence; (3) the need to protect the public from further crimes of the defendant; and (4) the need to provide the defendant with treatment." *United States v. Kappes*, 782 F.3d 828, 845 (7th Cir. 2015) (quoting *United States v. Angle*, 598 F.3d 352, 360–61 (7th Cir. 2010)) (citing 18 U.S.C. § 3583(d)(1)).

Second, the condition "cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the goal

---

[17] U.S.S.G. § 5D1.3(b) provides that a court may impose discretionary conditions of supervised release as long as those conditions

> (1) are reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

of deterrence, incapacitation, and rehabilitation." *Id.* (quoting *United States v. Goodwin*, 717 F.3d 511, 522 (7th Cir. 2013)) (citing 18 U.S.C. § 3583(d)(2)).

Third, the condition "must be consistent with any pertinent statement that the United States Sentencing Commission issues." *Id.* (citing 18 U.S.C. § 3583(d)(3)).

In order to ensure that our review is meaningful, a sentencing court must justify discretionary conditions of supervised release "by an adequate statement of reasons, reasonably related to the applicable § 3553(a) factors." *Id.* at 839, 845 (citing *United States v. Bryant*, 754 F.3d 443, 445 (7th Cir. 2014)). "*All* discretionary conditions … require findings." *Id.* at 846 (citing *Bryant*, 754 F.3d at 445). A sentencing judge "considering a condition of supervised release must 'make an *independent* judgment … of the appropriateness of the recommended conditions' by referring to the defendant's conduct and character rather than on the basis of generalizations about the defendant's crime and criminal history." *Morgan*, 987 F.3d at 634 (quoting *United States v. Siegel*, 753 F.3d 705, 716–17 (7th Cir. 2014)).

At the same time, in reviewing the district court's statement of reasons, we must "take careful note of context and the practical realities of a sentencing hearing." *Kappes*, 782 F.3d at 856 (quoting *United States v. Gary*, 613 F.3d 706, 709 (7th Cir. 2010)). The sentencing judge "need not address every factor 'in checklist fashion, explicitly articulating its conclusions regarding each one'" or "give a speech about each condition." *Id.* at 845–46 (quoting *United States v. Shannon*, 518 F.3d 494, 496 (7th Cir. 2008)). We have explained that "sentencing judges 'need not belabor the obvious' when confronted with an objection where 'anyone acquainted with the facts would

have known without being told why the judge had not accepted the argument'"; however, "where the reasons for conditions are less obvious, sentencing judges must address directly objections raised by defendants." *United States v. Moose*, 893 F.3d 951, 960 (7th Cir. 2018) (quoting *Kappes*, 782 F.3d at 856). In short, "[e]xplanations need not be longwinded, but the judge must offer some explanation for appellate review, as deferential as that review may be." *Id.* (citing *United States v. Castaldi*, 743 F.3d 589, 595 (7th Cir. 2014)).

Finally, the requirement that a district court adequately justify a discretionary condition of supervised release is subject to a harmless error analysis. *See Morgan*, 987 F.3d at 634; *Kappes*, 782 F.3d at 846; *Siegel*, 753 F.3d at 713. A district court's failure to give reasons for an imposed condition is harmless when the consistency of that condition with the statutory sentencing factors is plain. *See United States v. Farmer*, 755 F.3d 849, 854–55 (7th Cir. 2014); *Siegel*, 753 F.3d at 713.

**B**

Applying these principles to our examination of the record in the present case, we conclude that the district court did not abuse its discretion in imposing Condition 13 on Mr. Cruz-Rivera. The district court made adequate findings supporting a conclusion that Condition 13 is consistent with the statutory factors for conditions of supervised release. Most fundamentally, as we discuss in the following paragraphs, the district court's analysis conforms to all the statutory criteria we identified earlier.

**1**

First, as required by § 3583(d)(1), the condition is reasonably related to the relevant § 3553(a) factors. The district court

explained that it imposed the search condition in this case be-
cause "of the nature of [Mr. Cruz-Rivera's] conviction for fail-
ing to register as a sex offender" and "to protect society."[18]
Although a more fulsome explanation certainly would have
been optimal, a comprehensive review of the sentencing hear-
ing reveals the district court's strong, overarching concern
that the total sentence imposed put an end to a pattern of
criminal behavior that was both extensive and varied. The
court knew that it was dealing with a recidivist. It detailed
Mr. Cruz-Rivera's criminal history, including his failure to
register as a sex offender in multiple states over multiple
years, his violation of the terms of his probation in Indiana,
and his conviction for felony resisting law enforcement. This
criminal history demonstrates his persistent reluctance to rec-
ognize and comply with his legal responsibilities, including
the requirements of supervised release. As the Government
points out, failing to register as a sex offender is "essentially a
felony offense of failing to comply with a legal requirement of
his release from his sex-offense conviction."[19] The court made
clear that the objective of the sentence was to put an end to
this pattern of criminal behavior: "[W]hen you get out this
time, we want this to be it, you never go back again. No car
theft, no fleeing police, nothing. This should be it; okay?"[20]

Based on Mr. Cruz-Rivera's criminal history, the district
court articulated that Condition 13 was necessary to deter him
from future unlawful conduct and to protect the public.

---

[18] Sentencing Tr. at 18:4–6, 48:23–24.

[19] Appellee's Br. 21.

[20] Sentencing Tr. at 60:3–5.

Allowing probation officers, with the assistance of law enforcement, to search Mr. Cruz-Rivera and his property, including his electronic devices and data, on the basis of reasonable suspicion will help ensure that he complies with his legal obligations in the future. And the need to ensure Mr. Cruz-Rivera's compliance with these obligations, including his registration as a sex offender, to protect the public is clear. The court correctly emphasized the seriousness of Mr. Cruz-Rivera's failure-to-register offense. In enacting SORNA, Congress "establishe[d] a comprehensive national system" of registration "[i]n order to protect the public from sex offenders and offenders against children" and "in response to the vicious attacks by violent predators." 34 U.S.C. § 20901. Mr. Cruz-Rivera is required to register as a sex offender because he brutally raped a mentally disabled woman. Because he did not register, he was hired to work throughout Indianapolis, in positions he should not have been permitted to hold. It is particularly concerning, as the district court noted, that he had been permitted to work at an elementary school.

Mr. Cruz-Rivera, relying on *United States v. Goodwin*, 717 F.3d 511 (7th Cir. 2013), contends that his history and characteristics do not justify the imposed search condition. He emphasizes that none of his offenses involved contraband or the use of a computer. *Goodwin*, however, does not help him. In *Goodwin*, we vacated a supervised release condition, imposed on a defendant who was convicted of failing to register as a sex offender, that was notably broader than the search condition imposed in this case. There, the supervised release condition required the defendant to submit to warrantless searches by the probation officer with no requirement of suspicion, to install filtering software on his computer, to allow the probation officer unannounced access to his computer,

and to allow the probation officer to conduct periodic, unannounced examinations of his computer equipment. *See Goodwin*, 717 F.3d at 514–15. We explained that we were "at a loss to see how this broad search and seizure authority [wa]s connected to [the defendant's] offense, history, and personal characteristics, or how it [wa]s reasonably necessary to furthering the deterrence, public protection, and rehabilitative goals articulated in 18 U.S.C. § 3583(d)(2)." *Id.* at 523. Although we considered the computer-related terms of the condition separately, we did not say that supervised release conditions relating to electronic devices are permissible only if the defendant has committed crimes using electronic devices. *See, e.g.*, *United States v. Johnson*, 542 F. App'x 516, 519–20 (7th Cir. 2013). Rather, we merely concluded that, because there was no obvious connection between the defendant's offenses and the use of a computer, the district court needed to provide a justification for the broad condition. *See Goodwin*, 717 F.3d at 523. Here, it was well within the district court's discretion to determine that Mr. Cruz-Rivera's persistent conduct and his disregard for the safety of the community justified Condition 13, including the requirement that he submit to searches of his electronics and electronic data if, but only if, the officer has reasonable suspicion that these articles were implicated in a suspected violation of his supervisory release. This provision was designed to assist the probation officers in ensuring that Mr. Cruz-Rivera complied with his legal requirements and did not present a risk of harm to the public.

### 2

Second, as required by § 3583(d)(2), Condition 13 does not involve a greater deprivation of liberty than is reasonably necessary to achieve the § 3553(a) sentencing goals. Mr. Cruz-

Rivera contends that a "[c]omplete suspension of the consti-
tutional right to be free from unreasonable searches and sei-
zures is undoubtedly a 'greater deprivation of liberty' than
required."[21] However, as the district court noted in response
to Mr. Cruz-Rivera's objection, when an offender is "on pro-
bation or supervised release," he is "under a different stand-
ard."[22] The court stated it was reasonable to impose Condition
13 on Mr. Cruz-Rivera in this case because searches cannot be
conducted without suspicion of unlawful conduct. The court
initially misspoke regarding what standard of suspicion
would be required for a search, saying "probable cause" be-
fore correcting to "reasonable suspicion."[23]

That Condition 13 requires probation officers, and any as-
sisting law enforcement, to have reasonable suspicion of un-
lawful conduct before conducting a search is key. To assist
sentencing judges, both § 3583(d) and the United States Sen-
tencing Guidelines provide a non-exhaustive list of discre-
tionary conditions of supervised release to guide a district
court in fashioning the appropriate supervisory conditions in
a particular case. Both § 3583(d) and the Guidelines provide
for a condition of supervised release requiring the offender to
submit to searches on the basis of reasonable suspicion. Sec-
tion 3583(d) expressly provides that a court

> may order, as an explicit condition of super-
> vised release for a person who is a felon and re-
> quired to register under the Sex Offender

---

[21] Appellant's Br. 21.

[22] Sentencing Tr. at 17:13–14.

[23] *Id.* at 18:7–8, 17–18.

Registration and Notification Act, that the person submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

*Cf.* 18 U.S.C. § 3563(b)(23). The Sentencing Guidelines also provide "standard" and "special" supervised release conditions. *See* U.S.S.G. § 5D1.3(c)–(d). The Guidelines explain that the "special" supervised release conditions are "recommended in the circumstances described" and "may otherwise be appropriate in particular cases." U.S.S.G. § 5D1.3(d). One "special" supervised release condition recommended for "sex offenses" requires

the defendant to submit to a search, at any time, with or without a warrant, and by any law enforcement or probation officer, of the defendant's person and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects upon reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the defendant, or by any probation officer in the lawful discharge of the officer's supervision functions.

U.S.S.G. § 5D1.3(d)(7)(C). However, failure to register as a sex offender under 18 U.S.C. § 2250 does not constitute a "sex offense" for purposes of this special condition. *See* U.S.S.G. § 5D1.3(d)(7); U.S.S.G. § 5D1.2 cmt. n.1.[24]

We also previously have rejected, under plain error review, a Fourth Amendment challenge to a supervised release condition authorizing searches when there was reasonable suspicion that the defendant violated a condition of supervised release. *See Kappes*, 782 F.3d at 860–61. We explained that the Supreme Court has held that, in the context of probation, "the Fourth Amendment balance of 'the degree to which [a search of a probationer's residence] intrudes upon an individual's privacy and[] … the degree to which it is needed for the promotion of legitimate governmental interests[]' requires 'no more than reasonable suspicion to conduct a search of th[e] probationer's house.'" *Id.* at 861 (quoting *United States v. Knights*, 534 U.S. 112, 119, 121 (2001)).

Relying on *United States v. Morgan*, 987 F.3d 627 (7th Cir. 2021), Mr. Cruz-Rivera contends that Condition 13 involves a greater deprivation of liberty than required because he also is subjected to visits from his probation officer at reasonable times and places. In *Morgan*, we concluded that the district court had not explained why a condition that authorized a probation officer to conduct searches on the basis of reasonable suspicion was necessary in addition to a condition that authorized a probation officer to visit the defendant and confiscate any contraband in plain view. *See id.* at 635. We did not hold in *Morgan* that the imposition of both search conditions

---

[24] We discuss the specific application of this exception in this case in Section II.B.3, *infra*.

always results in a greater deprivation of liberty than necessary. After a conscientious reading of Mr. Cruz-Rivera's PSR, the district court was entitled to conclude, very reasonably, that the circumstances surrounding his criminal history made the imposition of the contested condition an important ingredient in its effort to stop Mr. Cruz-Rivera's antisocial behavior.[25]

**3**

Mr. Cruz-Rivera's contention that Condition 13 fails the third criterion of § 3583(d) because it is inconsistent with statements issued by the United States Sentencing Commission is also unavailing. *Cf. Siegel*, 753 F.3d at 708 ("Logically, [this requirement] is not applicable to discretionary conditions already listed in the guidelines …."). Mr. Cruz-Rivera

---

[25] Mr. Cruz-Rivera's reliance on *United States v. Farmer*, 755 F.3d 849 (7th Cir. 2014), here is also misplaced. In *Farmer*, as in *Goodwin*, we vacated a condition of supervised release that required the defendant to submit to searches by a probation officer *without any requirement of suspicion* because we were "at a loss to see how this broad search and seizure authority [wa]s connected to [the defendant's] offense, history, and personal characteristics, or how it [wa]s reasonably necessary to furthering the deterrence, public protection, and rehabilitative goals articulated in 18 U.S.C. § 3583(d)(2)." *Farmer*, 755 F.3d at 854 (quoting *Goodwin*, 717 F.3d at 523). Condition 13, requiring reasonable suspicion for a search, is narrower than the condition imposed in *Farmer*. *See id.* (citing 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(d)(7)(C)) (explaining that the search condition imposed was "broader even than the explicit searches that the sentencing guidelines authorize for the purpose of monitoring sex offenders: the latter provision requires reasonable suspicion that the defendant has violated a condition of supervised release as a prerequisite for the search, whereas the search condition to which Farmer [wa]s subject require[d] no suspicion, reasonable or otherwise, to trigger a search").

contends that imposing Condition 13 is inconsistent with U.S.S.G. § 5D1.3(d)(7)(C), which he understands as stating that "a defendant convicted [of a] SORNA violation should not receive the search condition."[26] He is mistaken. It is true that the Guidelines recommend the search condition in § 5D1.3(d)(7)(C) for "sex offenses," which is defined to exclude his failure-to-register offense, but the Guidelines provide that such a condition "may otherwise be appropriate in particular cases." U.S.S.G. § 5D1.3(d). Condition 13 therefore is consistent with this provision. *See Kappes*, 782 F.3d at 845 n.5 (explaining that a condition violates § 3583(d)(3) only if it is "*inconsistent* with a pertinent policy statement"). Mr. Cruz-Rivera also submits that there is a conflict between 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(d)(7). We cannot accept this argument. There is no conflict between these two provisions. The Guidelines do not expressly recommend the search condition for failing to register under SORNA, but the statute provides that a court *may* impose the search condition for such offenders. The district court therefore was not required to address this difference between 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(d)(7) when it imposed Condition 13 on Mr. Cruz-Rivera.

### Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

---

[26] Appellant's Br. 23.